# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ARVIN J. GARRETT, | ) |
|       Petitioner, | ) |
| v. | )    No. 4:13CV1768 SPM |
| MICHAEL S. BOWERSOX, | ) |
|       Respondent. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on its own motion. The petition is barred by the one-year limitations period, and the Court will summarily dismiss it.

Petitioner seeks to challenge his 1977 conviction and sentence for first-degree murder. Petitioner claims that his conviction was defective because he was charged by Information rather than by Indictment. It is unclear to the Court what action petitioner may have taken in the 1970's or 1980's in this Court because no files from that period can be located in the archives.[1] However, it is clear that the petition is time-barred.

Under 28 U.S.C. § 2244(d):

---

[1] Many files from that time period have been destroyed.

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The one-year period of limitations for filing habeas petitions did not exist when petitioner was convicted, or prior to enactment of the AEDPA on April 24, 1996. In addressing this issue, the United States Court of Appeals for the Eighth Circuit has "held that time before the effective date of AEDPA, April 24, 1996, is not counted in computing the one-year period of limitation [under § 2244(d)]. Prisoners whose judgments of conviction became final before the effective date of AEDPA are given

a one-year period after that date, or until April 24, 1997, plus any additional periods during which the statute is tolled." Peterson v. Gammon, 200 F.3d 1202, 1204 (8th Cir. 2000).  As a result, the one-year period of limitations for the instant petition expired more than sixteen years ago.

Under the doctrine of equitable tolling, the AEDPA's statutory limitations period may be tolled if a petitioner can show that (1) he has been diligently pursuing his rights and (2) an extraordinary circumstance stood in his way. Holland v. Florida, 130 S. Ct. 2549, 2562 (2010).  Equitable tolling is a flexible procedure that involves both recognition of the role of precedent and an "awareness of the fact that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case."  Id. at 2563.  Petitioner advances no argument that he has been diligently pursuing his rights or that extraordinary circumstances stood in his way. Therefore, he is not entitled to equitable tolling.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED**.

A separate Order of Dismissal will be filed forthwith.

Dated this 25th day of November, 2013.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE